SLIP OP. 08-46

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | |
| v. | |
| CANEX INTERNATIONAL LUMBER SALES LTD., AND XL SPECIALTY INSURANCE COMPANY, | Before: Jane A. Restani, Chief Judge <br><br> Court No. 06-00141 |
| Defendants. | |
| XL SPECIALTY INSURANCE COMPANY, | |
| Cross-Claimant, | |
| v. | |
| CANEX INTERNATIONAL LUMBER SALES LTD., | |
| Cross-Defendant. | |

OPINION

[Defendant's motion to dismiss denied.]

Dated: May 1, 2008

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Aimee Lee); Christopher Shaw, Office of Assistant Chief Counsel, Department of Homeland Security, U.S. Customs and Border Protection, of counsel, for the plaintiff.

Joel R. Junker & Associates (Joel R. Junker) for the defendant and cross-defendant Canex International Lumber Sales Ltd.

Sandler Travis Rosenberg Glad & Ferguson, PC (Thomas R. Ferguson), for the

COURT NO. 06-00141 PAGE 2

defendant and cross-claimant XL Specialty Insurance Company.

Restani, Chief Judge: Between April 12, 2000, and October 23, 2000, defendant Canex International Lumber Sales Ltd. ("Canex") entered 151 entries of angle-cut lumber under Harmonized Tariff Schedule of the United States ("HTSUS") heading 4418.[1] (Compl. ¶¶ 11, 23.) After entry, U.S. Customs and Border Patrol ("Customs") classified the merchandise under HTSUS heading 4407.[2] (Id. at ¶¶ 13, 25.) Because Canex did not provide proof of the export permits required for imports under heading 4407, Customs issued notice assessing liquidated damages against Canex.[3] (Id. at ¶¶ 17, 29.) Canex protested Customs' classification of the subject merchandise, and subsequently filed an action in this Court challenging Customs' classification decision. See Canex Int'l Lumber Sales Ltd. v. United States, No. 02-00596. While the classification case was still pending, plaintiff United States ("Government") initiated the current proceedings to recover liquidated damages.[4] Canex moves to dismiss on the grounds that the Government failed to exhaust administrative remedies prior to the commencement of this

---

[1] Heading 4418 covers "[b]uilders' joinery and carpentry of wood," and is not covered by the permitting requirements of the United States-Canada Softwood Lumber Agreement ("SLA"). HTSUS 4418; (Compl. ¶¶ 12, 14, 24.)

[2] Heading 4407 covers "[w]ood sawn or chipped lengthwise, sliced or peeled," and is subject to the SLA's export permit requirements. HTSUS 4407; (Compl. ¶¶ 13–15, 25–27.)

[3] The entries were secured by two separate bonds issued by cross-claimant XL Specialty Insurance Company ("XL"). (Compl. ¶¶ 7–8.)

[4] Although Customs indicated in a letter dated August 24, 2001, that it would withhold further action on the liquidated damages claims until "resolution of the filed protest(s)," (Def. Canex Int'l Lumber Sales Ltd.'s Mot. to Dismiss for Failure to State a Cl. ("Motion to Dismiss") at Ex. 1), the Government initiated the current proceedings to recover liquidated damages following Canex and XL's refusal to execute statute of limitations waivers as requested by the Government in 2005. (See Compl. at ¶¶ 19, 31, Confidential Ex. 7.)

COURT NO. 06-00141                                                                                    PAGE 3

action.[5]

The court has jurisdiction pursuant to 28 U.S.C. § 1582(2).  Dismissal will be denied unless the factual allegations are "'enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true even if doubtful in fact.'"  Corus Staal BV v. United States, 515 F. Supp. 2d 1337, 1345 (CIT 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007)).

Canex argues that the Government failed to exhaust administrative remedies by commencing this action for liquidated damages without engaging in mitigation proceedings.  Under 19 C.F.R. § 172.1(b) and 19 U.S.C. § 1623(c), a principal or surety can petition Customs for relief from payment of liquidated damages through such proceedings.  See United States v. Cocoa Berkau, Inc., 990 F.2d 610, 615 (Fed. Cir. 1993).  Mitigation proceedings are voluntary and informal, and relief is granted at the discretion of Customs.  United States v. Ataka Am., Inc., 826 F. Supp. 495, 502 (CIT 1993) (holding that a "mitigation proceeding for liquidated damages under 19 U.S.C. § 1623(c) . . . is voluntary"); Cocoa Berkau, 990 F.2d at 615 ("[T]he determination whether to authorize cancellation of a bond under section 1623(c) falls within the discretion of [Customs].").  Although exhaustion of mandatory administrative remedies is generally required prior to action before the court, see 28 U.S.C. § 2637(d),[6] mitigation

---

[5]Canex mistakenly filed its motion to dismiss pursuant to USCIT R. 12(b)(6). (See Motion to Dismiss at 1.)  The court will treat the motion as filed pursuant to the proper provision, USCIT R. 12(b)(5).  See United States v. Ford Motor Co., Slip Op. 05-24, 2005 WL 400399, at *1 n.3 (CIT Feb. 18, 2005).

[6]"[T]he Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies."  28 U.S.C. § 2637(d).

proceedings are permissive and need not be resolved prior to the commencement of a suit to recover liquidated damages. Ataka, 826 F. Supp. at 502 ("These discretionary and informal proceedings need not be resolved in order for the government to recover liquidated damages under a bond through court action."); Cocoa Berkau, 990 F.2d at 615 ("[N]othing in either the express language or the legislative history of section 1623(c) indicates that Congress intended that a bond surety be required to file a petition for mitigation or that such a petition must be filed before the government can bring suit to recover liquidated damages."). Accordingly, the Government was not required to postpone its filing of the instant action until Canex exercised its right to request mitigation proceedings.

Canex's reliance upon Warner-Lambert Co. v. United States, 24 CIT 205 (2000), and United States v. Bavarian Motors, Inc., 4 CIT 83 (1982), is misplaced. Warner-Lambert dismissed a complaint alleging threat of sanctions by Customs where sanctions proceedings had not yet been initiated and Customs had denied its intent to seek sanctions for claims still under active agency consideration. Warner-Lambert, 24 CIT at 205–10. Such is not the case here. As discussed above, mitigation proceedings are not required prior to the commencement of an action before the court, and the instant case is ripe for action. In addition, Ataka noted that Bavarian Motors, which dismissed a suit for failure to exhaust administrative remedies, was decided prior to the effective date of 19 U.S.C. § 1505(c), which gave the Government an immediate right to sue for liquidated damages. Ataka, 826 F. Supp. at 503 ("[S]ince the effective date of 19 U.S.C. § 1505(c), completion of protest proceedings has not been a requirement for suit to collect."). Even if Canex had protested the assessment of liquidated damages, "the payment obligation runs independently of the protest proceedings." Id.

COURT NO. 06-00141                                                                                                    PAGE 5

Finally, Canex asserts that it had not yet petitioned for mitigation proceedings because the letter from Customs dated August 24, 2001, indicated that Customs would "continue to update [the liquidated damages] cases with a holding status until resolution of the filed [classification] protest(s)." (Motion to Dismiss at Ex. 1.) In subsequent correspondence dated May 23, 2005, however, Customs noted that the six-year statute of limitations on its liquidated damages claims was approaching,[7] and requested a waiver of the statute of limitations from Canex and XL. (Compl., Confidential Ex. 7 at 2.) Customs indicated its intent to pursue legal action to protect its interests if the waiver was not executed. (Id.) Canex was therefore notified of the possibility of further proceedings with regard to liquidated damages and had ample opportunity to execute the statute of limitations waiver or petition for mitigation proceedings as necessary. Canex's argument that it was deprived of the opportunity to do so is therefore without merit.

Accordingly, defendant Canex International Lumber Sales Ltd.'s Motion to Dismiss is DENIED.

    /s/ Jane A. Restani
Jane A. Restani
Chief Judge

Dated this 1st day of May, 2008.
New York, New York.

---

[7] Under 28 U.S.C. § 2415(a), a complaint to recover liquidated damages must be filed "within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later." 28 U.S.C. § 2415(a); see also Ataka, 826 F. Supp. at 500.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                    Deputy Clerk