SLIP OP. 11-98

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>v.<br><br>CANEX INTERNATIONAL LUMBER SALES LTD., and XL SPECIALTY INSURANCE COMPANY,<br><br>        Defendants. | Before: Jane A. Restani, Judge<br><br>Court No. 06-00141 |
| XL SPECIALTY INSURANCE COMPANY,<br><br>        Cross-Claimant,<br><br>v.<br><br>CANEX INTERNATIONAL LUMBER SALES LTD.,<br><br>        Cross-Defendant. | |

## OPINION

[Plaintiff's motion for summary judgment seeking liquidated damages and prejudgment interest thereon granted.]

Dated: August 5, 2011

    Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Aimee Lee); Christopher Shaw, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of counsel, for the plaintiff.

    Joel R. Junker & Associates (Joel R. Junker) for the defendant and cross-defendant Canex International Lumber Sales Ltd.

　　　　　　Sandler Travis Rosenberg Glad & Ferguson, PC (Thomas R. Ferguson and Arthur K. Purcell), for the defendant and cross-claimant XL Specialty Insurance Company.

　　　　　　Restani, Judge: This matter is before the court on a motion for summary judgment by plaintiff United States ("the Government") against defendants Canex International Lumber Sales Ltd. ("Canex") and XL Specialty Insurance Company ("XL") pursuant to USCIT Rule 56. The Government seeks liquidated damages and prejudgment interest on those liquidated damages from the time of demand. For the reasons below, the court grants the Government's motion for summary judgment.

## BACKGROUND[1]

　　　　　　Between April 2000 and January 2001, Canex, a Canadian company, imported certain softwood lumber products from Canada into the Port of Blaine, Washington. Pl.'s Statement of Undisputed Material Facts ("Pl.'s SMF") ¶¶ 1–3; Def. XL Specialty Ins. Co.'s Resp. to Pl.'s Statement of Undisputed Material Facts ("XL's Resp. SMF") ¶¶ 1–3; Def. Canex Int'l Lumber Sales, Ltd.'s Resp. to Pl.'s Mot. for Summ. J. ("Canex's Resp. Br.") ¶¶ 1–3. Upon importation, Canex and XL secured the merchandise at issue in two separate entries—referred to as "[e]ntry [s]et [o]ne" and "[e]ntry [s]et [t]wo"—using two separate bonds. Pl.'s SMF ¶¶ 8, 11; XL's Resp. SMF ¶¶ 8, 11; Canex's Resp. Br. ¶¶ 8, 11. Entry set one was secured with a $50,000 continuous bond issued by XL. Pl.'s SMF ¶ 8; XL's Resp. SMF ¶ 8; Canex's Resp. Br. ¶ 8.

---

[1] A further background of the facts of this case has been well-documented in the court's previous opinions in the related classification case and in this case. Canex Int'l Lumber Sales Ltd. v. United States, Slip Op. 10-74, 2010 WL 2594993, at *1–2 (CIT June 29, 2010) ("Canex II"); United States v. Canex Int'l Lumber Sales Ltd., Slip Op. 08-46, 2008 WL 1911173, at *1 (CIT May 1, 2008) ("Canex I"). The court presumes familiarity with those decisions but briefly summarizes the facts relevant to this opinion.

Entry set two was secured with a $400,000 continuous bond issued by XL's predecessor-in-interest, Intercargo Insurance Company. Pl.'s SMF ¶ 11; XL's Resp. SMF ¶ 11; Canex's Resp. Br. ¶ 11. To secure the bonds, both Canex and XL jointly and severally agreed to comply with all United States Custom Services ("Customs") laws and regulations, including Custom regulations relating to the United States-Canada Softwood Lumber Agreement ("SLA"). Pl.'s SMF ¶ 13 (citing 19 C.F.R. § 113.62(k); 19 C.F.R. § 12.140); XL's Resp. SMF ¶ 13; Canex's Resp. Br. ¶ 13.

At entry Canex classified the merchandise under subheading 4418.90.40 of the Harmonized Tariff Schedule of the United States ("HTSUS"). Pl.'s SMF ¶ 14; XL's Resp. SMF ¶ 14; Canex's Resp. Br. ¶ 14. In December 2000 Customs determined that the merchandise needed to be classified under HTSUS subheading 4407.10.00, SLA permits were required for all merchandise so classified, and failure to submit such permits within twenty working days would result in the assessment of liquidated damages. Pl.'s SMF ¶ 15; XL's Resp. SMF ¶ 15; Canex's Resp. Br. ¶ 15. Merchandise classified under heading 4407 is subject to the SLA, while merchandise classified under heading 4418 is not. Pl.'s SMF ¶¶ 14, 15; XL's Resp. SMF ¶¶ 14, 15; Canex's Resp. Br. ¶¶ 14, 15.

When it did not receive any SLA permits from Canex, Customs set liquidated damages for entry set one at $50,000, the full amount of the first bond, and liquidated damages for entry set two at $400,000, the full amount of the second bond. Pl.'s SMF ¶¶ 18, 21, 24; XL's Resp. SMF ¶¶ 18, 21, 24; Canex's Resp. Br. ¶¶ 18, 21, 24. In March 2001 Customs sent Canex a "Notice of Penalty or Liquidated Damages Incurred and Demand for Payment" ("5955A") for both entry set one and entry set two. Pl.'s SMF ¶¶ 19, 21, 23, 24; XL's Resp.

Court No. 06-00141    Page 4

SMF ¶¶ 19, 21, 23, 24; Canex's Resp. Br. ¶¶ 19, 21, 23, 24. In 2002, Canex protested Customs' decision regarding classification and Customs denied the protest. <u>Canex I</u>, 2008 WL 1911173, at *1. After Canex failed to provide any SLA permits, in May 2005 Customs sent XL copies of the 5955A demand forms.[2] Pl.'s SMF ¶¶ 22, 25; XL's Resp. SMF ¶¶ 22, 25. As of yet, neither Canex nor XL have paid the $450,000 in liquidated damages to the Government. Pl.'s SMF ¶ 27; XL's Resp. SMF ¶ 27; Canex's Resp. Br. ¶ 27.

In June 2010 after Canex challenged Custom's classification, the court held that the merchandise was properly classified under heading 4407. <u>Canex II</u>, 2010 WL 2594993, at *7. Canex appealed the decision in that separate action, and that appeal is currently pending before the Court of Appeals for the Federal Circuit ("Federal Circuit"). <u>Canex II</u>, <u>appeal docketed</u>, No. 2010-1512 (Fed. Cir. Sept. 2, 2010). The court notes that the same product was found to be properly classified under heading 4407 in <u>Millenium Lumber Distrib. Ltd. v. United States</u>, 558 F.3d 1326 (Fed. Cir. 2009). Previously, in May 2006 the Government filed this action to recover liquidated damages. Complaint, <u>United States v. Canex Int'l Lumber Sales Ltd.</u>, No. 06-00141 (CIT).

The Government now moves for summary judgment, arguing that Canex and XL are jointly and severally liable for both liquidated damages and prejudgment interest from May 2005. <u>See</u> Mem. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Br.") 4, 6. XL responded, stating that it has offered to pay the Government the full amount of liquidated damages but that the Government is not entitled to prejudgment interest. <u>See</u> Def. XL Specialty Ins. Co.'s Resp. to

---

[2] The Government states the demand date as on or about May 19, 2005. Pl.'s SMF ¶¶ 22, 25.

Pl.'s Mot. for Summ. J. ("Def. XL's Resp. Br") 2; XL's Resp. SMF ¶ 27. Canex responds that neither liquidated damages nor prejudgment interest is due until the appeals process in the separate protest matter has concluded. See Canex's Resp. Br. 10, ¶ 27.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1582(2) (government action for recovery of a bond). Summary judgment is appropriate if "there is no genuine issue as to any material fact," and "the movant is entitled to judgment as a matter of law." USCIT Rule 56(c).

## DISCUSSION

**I.  Canex's Separate Appeal to the Federal Circuit Does Not Preclude the Court From Reaching the Issue of Prejudgment Interest.**

Canex argues that this court does not have jurisdiction over the issue of liquidated damages or prejudgment interest because the Federal Circuit has not yet ruled on Canex's appeal in the protest matter and therefore a windfall for the Government would result should Canex prevail on appeal.[3] Canex's Resp. Br. 9–10. Canex also alleges that a genuine issue of material fact exists on the same basis. Id. at 11. These claims lack merit.[4]

Where the court has previously decided an issue that becomes the basis for a

---

[3] Canex argues this case is not ripe for decision because an appeal of Canex II is pending in the Federal Circuit. Canex's Resp. Br. 9. The court construes Canex's argument about ripeness to be an argument that the court lacks jurisdiction over the Government's motion for summary judgment while an appeal is pending on an underlying element of the case. See Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 58 n.18 (1993) (the "ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction").

[4] Defendant XL does not make this claim and also does not contest the issue of liquidated damages. Def. XL's Resp. Br. 2.

subsequent suit and that issue remains on appeal at the Federal Circuit, the court has jurisdiction over the subsequent suit and may treat the prior issue as res judicata. See Reed v. Allen, 286 U.S. 191, 199 (1932) ("The rule has been settled for this court that, where a judgment in one case has successfully been made the basis for a judgment in a second case, the second judgment will stand as res judicata, although the first judgment be subsequently reversed."). USCIT Rule 60(b)(5) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . [if the judgment] is based on an earlier judgment that has been reversed or vacated." USCIT Rule 60(b)(5). Moreover, if a party seeks to contest the enforcement of a judgment, then the proper remedy is a motion to stay. See USCIT Rule 62(d) ("[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond" to stay the judgment); Am. Grape Growers Alliance for Fair Trade v. United States, 9 CIT 568, 570, 622 F. Supp. 295, 297 (1985) ("enforceability of this Court's judgments should be unquestioned, and a stay is the only way to put off that enforceability").[5]

Here, Canex's appeal to the Federal Circuit is not pertinent to the substance of the Government's motion for summary judgment. In Canex II the court held that Canex's merchandise was properly classified by Customs under heading 4407. Canex II, 2010 WL 2594993, at *7. Although Canex subsequently filed an appeal to contest that holding, an appeal does not in and of itself stay the enforcement of a judgment. Canex did not avail itself of its

---

[5] Canex's reliance on United States v. T.J. Manalo Inc., 26 CIT 1117, 240 F. Supp. 2d 1255 (2002) is inapposite. See Canex's Resp. Br. 9. In T.J. Manalo a similar issue was pending before the Court of International Trade rather than before the Federal Circuit. Id. at 1120, 240 F. Supp. 2d at 1258. In any case, the court's decision to stay was discretionary not jurisdictional. Id.

right to file a motion for a stay of judgment in the prior case and it is not clear that such a motion would have been granted given the litigation background of this case; nor is Canex left without remedy should it prevail on appeal. Thus, the court has jurisdiction over the matter before it.

II.     **Prejudgment Interest Is Not Punitive and Therefore Is Appropriate.**

Canex and XL argue that the Government is not entitled to prejudgment interest because an award of prejudgment interest would be punitive. See Canex's Resp. Br. 13; Def. XL's Resp. Br. 5. Canex and XL claim that prejudgment interest cannot be awarded unless there has been bad faith, dilatory conduct, or purposeful delay by the defendants. Canex's Resp. Br. 13–14; Def. XL's Resp. Br. 2–3. Additionally, XL also claims that an award of prejudgment interest is not appropriate without statutory authorization. Def. XL's Resp. Br. 5. These claims lack merit.

"Although no statute authorizes the award of prejudgment interest . . . , the Court of International Trade in exercising its equitable powers may in its sound discretion award prejudgment interest." United States v. Reul, 959 F.2d 1572, 1577 (Fed. Cir. 1992) (holding that prejudgment interest cannot be awarded absent notice and demand); see United States v. Ford Motor Co., 31 CIT 1178, 1181 (2007) ("the United States [may] recover interest on money due to the government even in the absence of any statutory authorization for an award of pre-judgment interest"). "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered . . . ." West Virginia v. United States, 479 U.S. 305, 310 n.2 (1987). "It would be inequitable and unfair for the government to make an interest-free loan of this sum from the date of final demand to the date of judgment." United States v. Imperial Food Imps., 834 F.2d 1013, 1016 (Fed. Cir. 1987).

"The assessment of prejudgment interest does not penalize the surety beyond the bond limit, but merely compensates the creditor for the surety's use of the money already due." Ins. Co. of N. Am. v. United States, 951 F.2d 1244, 1246 (Fed. Cir. 1991). Prejudgment interest usually begins to accrue when a demand for liquidated damages is made and not met. See Reul, 959 F.2d at 1579.

Here, equity compels the court to grant prejudgment interest. Prejudgment interest in the instant case compensates the Government for its inability to access the money it was owed. Because the prejudgment interest runs on liquidated damages, it is part of the compensation to the Government and is not punitive.[6] Thus, prejudgment interest on the liquidated damages is appropriate to compensate the Government for the money that Canex and XL jointly and severally owe dating from the May 2005 demand for liquidated damages. See Pl.'s SMF ¶¶ 22, 25; Canex's Resp. SMF ¶¶ 22, 25; XL's Resp. SMF ¶¶ 22, 25.

XL also claims that as a surety it is not liable for prejudgment interest on the liquidated damages on the basis that it may not be held liable for an amount that exceeds the bond unless the surety has engaged in dilatory conduct.[7] Def. XL's Resp. Br. 3, 4. Dilatory

---

[6] XL also claims that any delay in paying the liquidated damages was due to the Government's failure to commence this action until almost the end of the statue of limitations period. Def. XL's Resp. Br. 10. This action was brought within the six-year statute of limitation period. See 28 U.S.C. § 2415. Defendants had use of the funds, not the Government, so delay within the limitations period would appear to be irrelevant.

[7] Defendant XL reads United States v. Wash. Int'l Ins. Co., 25 CIT 1239, 1241, 177 F. Supp. 2d 1313, 1316 (2001) to stand for the proposition that prejudgment interest should only be allowed when the withholding of payment has been dilatory. XL's reliance on this case is misplaced. Washington Int'l Ins. Co. stated that during the protest period the surety's liability cannot exceed the bond limit. Id. at 1244, 177 F. Supp. 2d at 1319 ("interest does accrue on

(continued...)

conduct, however, is not required for a surety to be liable for prejudgment interest exceeding the amount of the bond. As Canex's protest was complete and a demand on it was made, the surety is liable for prejudgment interest even if it is in excess of the face bond amount. Ins. Co. of N. Am., 951 F.2d at 1246 ("if a surety delays payment beyond proper notification of liability, interest accrues on the debt [and therefore t]his interest may cause the surety's obligation to exceed the penal sum of the bond").

Because no genuine issue of material fact exists as to liability, the court grants summary judgment in favor of the Government for the face amount of the bond plus prejudgment interest. At this point the date for commencing prejudgment interest is somewhat unclear. As demand was sent to XL "on or about" May 19, 2005, the court finds it is fair and in the interest of judicial economy to commence prejudgment interest from May 31, 2005, as to XL. The Government has not stated clearly that interest against Canex should run from an earlier date. In fact throughout the briefing it has referred to the May 19, 2005 demand date and emphasized the joint liability of the defendants. Accordingly, in the exercise of its discretion, the court finds that prejudgment interest shall run from May 31, 2005 as to Canex as well.

---

[7](...continued)
duties owed during the protest period"). Canex's protest period, however, ended in 2002. There was no other protest filed. This case does not require the court to address directly the effect of an ongoing protest and the court does not resolve this issue.

Court No. 06-00141                                                                     Page 10

## CONCLUSION

For the above reasons, the court concludes that the Government's motion for summary judgment, including prejudgment interest, is **GRANTED**. Judgment shall enter accordingly.

                                                   /s/ Jane A. Restani
                                                      Jane A. Restani
                                                            Judge

Dated: This 5th day of August, 2011.
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CANEX INTERNATIONAL LUMBER SALES LTD., and XL SPECIALTY INSURANCE COMPANY,<br><br>　　　　Defendants. | Before: Jane A. Restani, Judge<br><br>Court No. 06-00141 |
| XL SPECIALTY INSURANCE COMPANY,<br><br>　　　　Cross-Claimant,<br><br>　　v.<br><br>CANEX INTERNATIONAL LUMBER SALES LTD.,<br><br>　　　　Cross-Defendant. | |

## JUDGMENT

This case having been submitted for decision and the court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

**IT IS HEREBY ORDERED** that the Plaintiff's motion for summary judgment seeking liquidated damages and prejudgment interest thereon is granted.

　　　　　　　　　　　　　　　　　　　　/S/　　　Jane A. Restani
　　　　　　　　　　　　　　　　　　　　　　　　　　Judge

Dated: This 5th day of August, 2011.
　　　　New York, New York